

# The Attorney General of Texas

December 27, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-117

Re: Fee for service of a precept by law officer.

Dear Mr. Resweber:

You have requested our opinion concerning the fee to be charged for the service of precepts in the county and district courts. You have furnished us with the precept forms used in the courts of Harris County.

Article 3933a, V.T.C.S., amended by the last session of the legislature, Acts 1979, 66th Leg., ch. 519, at 1103, provides for the fees to be received by the sheriffs and constables.

> Section 1.
> (a) Sheriffs and Constables shall receive the following fees:
> For each person, corporation or legal entity, on whom service of citation, subpoena, summons, <u>or process not otherwise provided for</u>, is performed or attempted and return made, including mileage, if any, a fee of . . . $10.00
>
> For executing or attempting to execute each writ of garnishment, injunction writ, distress warrant, writ of attachment, writ of sequestration, writ of execution, order of sale, writ of execution and order of sale, <u>or writ not otherwise provided for</u>, and making return thereon including mileage, if any, a fee of . . . $12.00

(Emphasis added).

A precept is nowhere defined in Texas law although reference to the same is made in the Rules of Civil Procedure. Rule 16 provides:

> Every officer shall endorse on all process and <u>precepts</u> coming to his hand the day and hour on

which he received them, the manner in which he executed them, and the time and place the process was served as well as the distance actually travelled in serving such process, and shall sign the returns officially.

(Emphasis added). The fifth edition of Black's Law Dictionary defines a precept as an

order, writ, warrant, or process. An order or direction, emanating from authority, to an officer or body of officers, commanding him or them to do some act within the scope of their powers. An order in writing, sent out by a justice of the peace or other like officer, for the bringing of a person or record before him. Precept is not to be confined to civil proceedings, and is not of a more restricted meaning than 'process.'. . .

Id. at 1059. See also Ackermann v. Berriman, 114 N.Y.S. 937 (City Ct. of N.Y. 1908); 72 C.J.S. at 477.

We believe that the fee to be charged for the service or execution of a precept depends on the purpose and function of the order as reflected in the body of the document. We therefore turn to the forms used in Harris County. One form, a "precept to serve," commands any constable or sheriff to serve a motion for contempt and directs the person served to appear before court to show cause. Another form commands the peace officer to serve the party "with accompanying certified copy of _____." A third form requires service of a certified copy of a petition under the Uniform Reciprocal Enforcement of Support Act and directs that party to appear and show cause in accordance with a certified copy of the court order attached thereto. A similar form commands service of Plaintiff's Original Petition, together with the judge's order thereon, and that the party appear and show cause.

It is our opinion that precept forms are "process not otherwise provided for" and the fee to be received is ten dollars. They merely call for the service of a document on a person and require no more effort than the service of a citation, summons, or subpoena unlike the execution of the writs for which a twelve dollar fee is allowed. The execution of all of the writs specified in article 3933a are governed by the rules relating to ancillary proceedings. Tex. R. Civ. Proc. 592 – 736. The execution of these writs requires greater effort than the mere service of process. They generally call for prompt action by the constable or sheriff requiring the seizure of property. The rules provide that the plaintiff must file a surety bond and they allow the defendant to replevy the property by likewise posting a bond. Sale by public auction may be conducted by the sheriff or constable when so ordered. Therefore, it is our opinion that under the doctrine of "ejusdem generis" the precepts described in this opinion lie in the category of "process not otherwise provided for" and require a fee of ten dollars.

## S U M M A R Y

The fee for service of a precept, as described, in county and district court is ten dollars.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin